IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AVIC INTERNATIONAL USA, INC. | § | |
| and PAUL THOMPSON, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-2815-K |
| | § | |
| TANG ENERGY GROUP, LTD., | § | |
| KEITH P. YOUNG, | § | |
| MITCHELL W. CARTER, | § | |
| JAN FAMILY INTERESTS, LTD., and | § | |
| THE NOLAN GROUP, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are: (1) Plaintiff AVIC International USA, Inc.'s ("AVIC") Motion to Stay Arbitration (Doc. No. 16); (2) Defendant Tang Energy Group LTD's ("Tang") Amended Motion to Dismiss (Doc. No. 27); (3) Plaintiff Paul Thompson's ("Thompson") Motion for Discovery (Doc. No. 34); (4) Plaintiffs' Request for Court Consideration of Further Evidence in Support of Motion to Stay Arbitration (Doc. No. 45); (5) Defendant Tang's Motion to Strike (Doc. No. 47); and (6) Plaintiff AVIC's Motion to Strike the Purported Expert Witness Statements Filed by Tang Energy Group, Ltd. in Support of its Opposition to Motion to Stay (Doc. No. 70). Having carefully considered the motions, responsive briefing, appendices, applicable law, and record when relevant, the Court **GRANTS** Defendant Tang's motion to dismiss.

## I.      Factual and Procedural Background

In 2008, Plaintiffs AVIC and Thompson (collectively "Plaintiffs") entered into the

Limited Liability Company Agreement of Soaring Wind Energy, LLC ("the Agreement")

with Defendants Tang, Keith P. Young ("Young"), Mitchell W. Carter ("Carter"), Jan

Family Interests, LTD. ("JFI"), and The Nolan Group, Inc. ("TNG") (collectively

"Defendants").   The Agreement contains a Dispute Resolution section ("Arbitration

Provision") requiring disputes to be resolved in binding arbitration.   The Arbitration

Provision of the Agreement provides for the following process:

> (a)    The Disputing Member desiring to initiate arbitration in connection with any Dispute shall notify the other Disputing Members in writing, which notice shall provide the name of the Arbitrator appointed by the Disputing Member, demand arbitration and include a statement of the matter in controversy.
> (b) Within 15 days after receipt of such demand, each other Disputing Member receiving notice of the Dispute shall name an Arbitrator. . . . The Arbitrators so selected shall within 15 days after their designation select an additional Arbitrator. . . .  In the event that there are more than two Disputing Members to the Dispute, then unless otherwise agreed by the Disputing Members, the Arbitrators selected by the Disputing Members shall cause the appointment of either one or two Arbitrators as necessary to constitute an odd number of total Arbitrators hearing the Dispute.

It defines "Disputing Member" as "each Member that is a party to such Dispute."

In June 2014, after alleged breaches of the Agreement by Plaintiffs, Tang filed a

Demand for Arbitration, Designation of Arbitrator, and Statement of Matter in

Controversy with the American Arbitration Association ("AAA"), based on the Arbitration

Provision of the Agreement.   After providing notice to the members to the Agreement,

each member to the dispute, including Plaintiffs, then selected an arbitrator.   This

resulted in a panel of seven (7) arbitrators being selected–one by each of the two Plaintiffs

and one by each of the five Defendants.  Those seven arbitrators then selected two additional arbitrators, thereby creating a nine member arbitration panel ("the Panel") in the AAA proceeding.

Plaintiffs filed this lawsuit on August 5, 2014, seeking a declaratory judgment from this Court.  Plaintiffs contend that the Panel as it currently exists "deviates" from the arbitrator selection provisions set forth in the Arbitration Provision of the Agreement. Plaintiffs specifically argue that the arbitrator selection provision authorizes Defendants to collectively select one arbitrator for their "side" and Plaintiffs to collectively choose one arbitrator for their "side", then those two arbitrators select a third arbitrator.  Plaintiffs also argue that the current Panel fails to comply with the constitutional requirement that disputes be resolved by an impartial decisionmaker because the "deck is stacked" against Plaintiffs.  Plaintiffs contend that the Panel as it currently is comprised "is inherently unfair and not neutral" and ask the Court to order the Panel be reconstituted according to the "correct" arbitrator selection process authorized in the Arbitration Provision, which Plaintiffs argue is one arbitrator for Defendants collectively and one for Plaintiffs collectively, with a third arbitrator selected by those two arbitrators.

## II.   Tang's Motion to Dismiss for Lack of Subject Matter Jurisdiction

Tang argues in its motion that this Court does not have jurisdiction under the Federal Arbitration Act ("FAA") to review Plaintiffs' claims until an arbitration award has issued.  Specifically, Tang contends Plaintiffs' claims do not fall within the very limited jurisdiction granted to courts under the FAA to intervene in the arbitral process.

ORDER – PAGE 3

Defendants Young, Carter, JFI, and TNG join in Tang's motion to dismiss.  Plaintiffs respond that this Court does have jurisdiction to entertain their challenges to the Panel because the current Panel violates Plaintiffs' rights to an impartial decisionmaker and Plaintiffs are asking to reconstitute the Panel.

### A.    Applicable Law

A case may be dismissed for lack of subject matter jurisdiction under rule 12(b)(1). FED. R. CIV. P. 12(b)(1).  The court must first address a motion to dismiss for lack of subject matter jurisdiction before any other challenge in order to determine jurisdiction before addressing the validity of a claim.  *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994).  In ruling on a Rule 12(b)(1) motion, the court "'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Stiftung v. Plains Marketing, L.P.*, 603 F.3d 295, 297 (5th Cir. 2010)(quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897(1981)).  In considering a Rule 12(b)(1) motion, the court may look solely to the complaint, the complaint along with undisputed facts, or the complaint with undisputed facts and the court's resolution of disputed facts.  *Williamson*, 645 F.2d at 413.  The party asserting subject matter jurisdiction bears the burden of proving it on a Rule 12(b)(1) motion.  *Stiftung*, 603 F.3d at 297; *see Castro v. US*, 608 F.3d 266, 268 (5th Cir. 2010).

The Supreme Court has declared that the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.* "is a congressional declaration of a liberal policy favoring arbitration." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24 (1983).

Federal policy strongly favors the enforcement of arbitration agreements. *Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 217 (1985); *Texaco Exploration and Prod. Co. v. AmClyde Engineered Prods. Co., Inc.,* 243 F.3d 906, 909 (5th Cir. 2001). Furthermore, the FAA "'expressly favors the selection of arbitrators by parties rather than courts.'" *BP Exploration Libya Ltd. v. ExxonMobil Libya Ltd.*, 689 F.3d 481, 490 (5th Cir. 2012)(quoting *Shell Oil Co. v. CO2 Comm., Inc.*, 589 F.3d 1105, 1109 (10th Cir. 2009)).

A court's jurisdiction to intervene in the arbitration process before an award has been issued is very limited under the Federal Arbitration Act ("FAA"). *Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 486 (5th Cir. 2002). Congress's intent with the FAA was to move parties out of the courts and into arbitration promptly and efficiently; but Congress also "recognized that judicial intervention may be required in certain circumstances" to achieve this goal. *Id.* To that end, the FAA provides, in relevant part:

> If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but . . . if for any other reason there shall be a lapse in the naming of an arbitrator . . ., then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators . . . .

9 U.S.C. § 5. Although Congress provided for judicial intervention when an impasse in the arbitrator selection process has occurred, the FAA makes clear that the parties must adhere to their contractual arbitrator selection procedure if one exists. *Id.* at 491 (quoting *Pac. Reins. Mgmt. Corp. v. Ohio Reins. Corp.*, 814 F.2d 1324, 1327 (9th Cir. 1987)).

ORDER – PAGE 5

However, as part of its very limited jurisdiction, a court may select an arbitrator, upon application of a party, in three situations:

> (1) if the arbitration agreement does not provide a method for selecting arbitrators; (2) if the arbitration agreement provides a method for selecting arbitrators but any party to the agreement has failed to follow that method; or (3) if there is "a lapse in the naming of an arbitrator or arbitrators."

*BP Exploration*, 689 F.3d at 491.  The Fifth Circuit has defined "lapse" under 9 U.S.C. § 5 as "a lapse in time in the naming of the arbitrator or in the filling of a vacancy on a panel of arbitrators, or some other mechanical breakdown in the arbitrator selection process."  *Id.* at 491-92.

### B.    Application of the Law to the Facts

In this case, there is no dispute that there is an agreement to arbitrate between these parties or that these claims fall within the scope of that agreement.  *See Gulf Guar.*, 304 F.3d at 486 ("Courts are limited to determinations regarding whether a valid agreement to arbitrate exists and the scope and enforcement of the agreement, including the arbitrability of given underlying disputes.")  Instead, Plaintiffs focus solely on the selection and composition of the Panel.  Plaintiffs argue the Court has jurisdiction here because there has been a "lapse" in this arbitration process.  Plaintiffs contend the "lapse" is an "impasse" that has been reached by their refusal to arbitrate before the current Panel, "where the deck is stacked against them."  Therefore, under 9 U.S.C. § 5, the Court must order the Panel be reconstituted.

Plaintiffs bear the burden of proving jurisdiction does in fact exist.  *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 223 (5th Cir. 2012).  Plaintiffs attempt to

characterize their claims against Defendants as a "lapse" in the arbitrator selection process, thereby authorizing the Court to intervene under its very limited jurisdiction authorized by the FAA.  Plaintiffs also contend the Court has jurisdiction because the current Panel amounts to a "stacked deck" against Plaintiffs and gives the appearance of bias, violating their constitutional rights to an impartial decisionmaker.  First, the facts establish there was no lapse in time of naming an arbitrator, in filling a vacancy on the panel of arbitrators, or "some other mechanical breakdown" of the arbitrator selection process to satisfy the definition of "lapse" under 9 U.S.C. § 5 by the Fifth Circuit.  *See BP Exploration*, 689 F.3d at 491.  Each party to this action named an arbitrator, with no resulting delay; there was, in fact, no impasse in the arbitrator selection process at all. Plaintiffs claim the "mechanical breakdown" came when they refused to arbitrate before the current Panel.  Neither the specific language of the FAA or Fifth Circuit caselaw defines "lapse" to include a party's refusal to participate in arbitration.  The arbitration is pending before the American Arbitration Association with a panel of party-chosen arbitrators.  The facts simply belie Plaintiffs' claim that a "mechanical breakdown in the *arbitrator selection process*" occurred.  *See Gulf Guar.*, 304 F.3d at 491-92 (emphasis added). Therefore, the Court has no jurisdiction on that basis.  *See* 9 U.S.C. § 5; *BP Exploration*, 689 F.3d at 491.

Next, Plaintiffs' arguments that the Court has jurisdiction because their constitutional rights are being violated are really just a challenge to the process used to select the arbitrators and to the alleged resulting unfairness of that process to Plaintiffs.

Plaintiffs claim that their right to an impartial decisionmaker is being violated by the Panel as it's currently comprised because Defendants chose more arbitrators than did Plaintiffs. Therefore, the Panel is inherently unfair and amounts to a "stacked deck" against Plaintiffs. Again, Plaintiffs' allegations boil down to fairness of the arbitrator selection process set forth in the Arbitration Provision. Complaints about the arbitrator selection process, including fairness, "essentially go to the procedure of arbitration." *Gulf Guar.*, 304 F.3d at 488. It is well settled that such procedural challenges are for an arbitrator to decide. *Adam Techs. Int'l S.A. de C.V. v. Sutherland Global Servs., Inc.*, 729 F.3d 443, 452 (5th Cir. 2013)(citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002)); *Gulf Guar.*, 304 F.3d at 487. This Court has no authority under the FAA to entertain these challenges before an arbitration award has issued. *Adam Techs.*, 729 F.3d at 452; *Gulf Guar.*, 304 F.3d at 488.

Even if the Court had jurisdiction to hear Plaintiffs' claims, the Court has no jurisdiction to grant Plaintiffs' requested relief. Plaintiffs ask the Court to reconstitute the Panel, which amounts to removing the current arbitrators. The record establishes that the Panel has already been comprised and the arbitration is currently before the AAA, although no arbitration award has yet issued. Under the FAA, courts have no authority to remove an arbitrator prior to an arbitration award being made. *Gulf Guar.*, 304 F.3d at 489-90; *see Adam Techs.*, 729 F.3d at 452. The Fifth Circuit held that "*even where arbitrator bias is at issue*, the FAA does not provide for removal of an arbitrator from service prior to an award, but only for potential vacatur of any award." *Gulf Guar.*, 304 F.3d at

490 (emphasis added).  Despite Plaintiffs' argument to the contrary, this Court has no authority under the FAA "to remove an arbitrator for any reason" before an arbitration award has been issued.  See *id.*

The Court finds that it has no jurisdiction under the FAA to entertain Plaintiffs' claims prior to an arbitration award issuing, where Plaintiffs challenge the arbitrator selection process and alleged resulting unfairness.  Furthermore, the Court has no jurisdiction under the FAA to reconstitute the Panel, as requested by Plaintiffs.

## III.   Conclusion

The Court finds it has no jurisdiction under the FAA to address Plaintiffs' claims and grant the requested relief.  Therefore, the Court **grants** Defendant Tang's motion to dismiss, which all other Defendants have joined.  Plaintiffs' case against all Defendants is hereby **dismissed**.

**SO ORDERED.**

Signed February 5th, 2015.

*Ed Kinkeade*
_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE

ORDER – PAGE 9