# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10190
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
August 25, 2015
Lyle W. Cayce
Clerk

AVIC INTERNATIONAL USA, INCORPORATED,

　　　　　　　　　　　　　　　　　　Plaintiff-Appellant

v.

TANG ENERGY GROUP, LIMITED; KEITH P. YOUNG; MITCHELL W. CARTER; JAN FAMILY INTERESTS, LIMITED; THE NOLAN GROUP, INCORPORATED,

　　　　　　　　　　　　　　　　　　Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-2815

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

　　Plaintiff-Appellant AVIC International USA, Incorporated ("AVIC"), one of two original plaintiffs in the district court,[1] seeks reversal of the district court's Judgment of February 5, 2015, which dismissed those plaintiffs' motion to stay the arbitration that was already pending before the American

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Plaintiff Paul Thompson filed a motion for discovery but has not joined AVIC as an Appellant to this court.

Arbitration Association ("AAA"), but had not yet commenced. The district court dismissed their action after concluding that, under the Federal Arbitration Act ("FAA"), it did not have jurisdiction to consider AVIC's claims that the arbitration panel, as selected and presently existing, "deviates" from the arbitration provisions of the parties' agreement and fails to meet the constitutional requirement of impartiality. The court ruled that it could not address such complaints before the arbitration panel renders its decision.

Our review of the district court's Memorandum Opinion and Order and the record on appeal, including the briefs of the parties, and their excerpts, satisfies us that the district court ruled correctly, committing no error – reversible or otherwise. The agreement at issue was entered into by sophisticated and experienced parties on advice of highly qualified counsel; that agreement contains their carefully crafted arbitration provision; one or more of the parties validly invoked arbitration in compliance with that provision; several of the parties to the agreement – not just two "sides" – followed by appointing one arbitrator each; and, as noted, arbitration is now before the panel comprising those arbitrators and is presumably proceeding pursuant to the rules and procedures of the AAA.

As noted by the district court, AVIC has failed to demonstrate that, as it claims, there has been a "lapse" in the appointment of arbitrators. In *BP Exploration Lybia Ltd. v. ExxonMobil Lybia, Ltd.*,[2] we defined that term as "a lapse in time in the naming of the arbitrator or in the filling of a vacancy on a panel of arbitrators, or some other mechanical breakdown in the arbitrator selection process." AVIC's allegations do not identify any occurrences that meet that definition. Simply put, when its position is reduced to its bare essentials, AVIC is asking us to rewrite their agreement's arbitration provision

---

[2] 689 F.3d 481, 491-92 (5th Cir. 2012)

to require that every arbitration among these multiple parties comprise only two "sides." It is apparent from the plain wording of that provision, however, that the agreement contemplates the possibility of there being three or more "sides" among the several parties to the agreement. More to the point, AVIC's strained interpretation of the arbitration provision would mandate that there be precisely three arbitrators in any and every instance, no more and no fewer – one selected by one "side," a second selected by the other "side," and the third selected by the first two. The unambiguous wording of the arbitration provision eschews such a reading: The agreement expressly contemplates the possibility of (1) an even number of arbitrators (an impossibility under AVIC's proposed, three-only arbitrators interpretation) and (2) adding either one *or two* more arbitrators to achieve an odd number (also an impossibility under a three-only arbitrator situation).

All that aside, we agree with the analysis of the district court and its conclusions that at this stage of the ongoing arbitration proceedings, a stay to deal with the issues advanced by AVIC would be premature, and that any resolution of AVIC's objections to the makeup of the arbitration panel must await completion of the arbitration process. For essentially the reasons expressed by the district court, its Judgment is, in all respects,

AFFIRMED.

## *United States Court of Appeals*
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

September 16, 2015

Ms. Karen S. Mitchell
Northern District of Texas, Dallas
United States District Court
1100 Commerce Street
Earle Cabell Federal Building
Room 1452
Dallas, TX 75242

    No. 15-10190   AVIC International USA, Inc. v. Tang Energy
                            Group, Limited, et al
    USDC No. 3:14-CV-2815

Dear Ms. Mitchell,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                                      Sincerely,

                                      LYLE W. CAYCE, Clerk

                                      By: _____
                                      Shawn D. Henderson, Deputy Clerk
                                      504-310-7668

cc:
    Ms. Ashley N. Ahn
    Mr. David G. Bayles
    Mr. John McCasland Clement
    Mr. David T. Denney
    Ms. Wendy Ann Duprey
    Mr. Robert Crofford Jenevein
    Mr. Jeffrey Scott Lowenstein
    Mr. Paul Ming Ma
    Ms. Brandi Jo McKay
    Mr. Malcolm S. McNeil
    Mr. James Allen Moseley
    Mr. Jesse Allan Okiror
    Ms. Deborah Michelle Perry
    Mr. Robert Elwood Sheeder

```
Mr. Brent Alan Turman
Mr. David S. Vassar
```